Mr. Spilkey. May I remove my mask? Oh, yes. Attorneys at the lectern are free to remove the mask. Thank you, Your Honor. Good morning, Your Honors. Ezra Spilkey for Petitioner John Doe helped the Commission recover hundreds of millions of dollars in penalties and fines. A recovery that the Commission used to pay one of the largest whistleblower awards to another claimant of $110 million. But despite Doe's substantial assistance, at great personal risk, the Commission took extraordinary steps to go beyond the ordinary meaning of statutory terms to deny Doe a whistleblower award. Specifically, the Commission employed an expanded definition of the term convicted to include non-final pleas of guilty. So before we talk about what convicted means, can we talk about this question of whether you raised it before the agency? Yes, Your Honor. So did your client raise this argument before the agency? Well, yes. Admittedly, most of the objection to the preliminary determination focused on the term related to, but Mr. Doe did contest the fact that or the determination that he was convicted of a related offense. Nevertheless, the Commission did pass on that question and it would be absurd to not review that determination. Let's assume that you did raise it. You said because this was before sentencing. But the same argument would apply to a jury verdict of guilty and before sentencing. And we have any number of cases in those where we've held that it's your bar. So what's the difference between, in terms of before sentence and after sentence, when he's pled as against when a jury is found? Thank you, Judge Calabresi. A couple things. One may, under Rule 11, withdraw a guilty plea for any reason or no reason before it's been accepted. After the plea has been accepted, one may withdraw the guilty plea for good cause. And one can attack a jury verdict? Yes, Your Honor. I'm unaware of any case where an award, an SEC whistleblower award was denied pre-sentencing and post a jury verdict. I would say, I would argue that it would be the same. So someone who's been convicted by a jury is not actually convicted until a sentence is imposed? Well, under the Federal Rules of Criminal Procedure, which under Diehl the Supreme Court looked at to look to determine the definition of the identical term, conviction, the Supreme Court in that case looked at the federal rules and federal practice. And federal rules and federal practice here claim the United States says that a conviction is after a judgment of conviction. For purposes of a criminal case? For purposes of a criminal case, but. Which this is not. Correct, Your Honor. I would look at the. Can I even ask you about that? I mean, you're focused on Rule 32 of the Federal Rules of Criminal Procedure, right? Yes, Your Honor. Which is about entering the judgment of conviction. Right. Right. So we have Title 7 of the Federal Rules of Criminal Procedure that are about the trial, and it goes from Rule 23 to Rule 31. Rule 32 is the first rule of Title. I'm sorry, that's Title 6. Rule 32 is the first rule of Title 7. Do you know what Title 7 is called? I think sentencing, Your Honor. Post-conviction procedures. Yes. So you enter a judgment of conviction after someone is convicted, right? So even the federal rules seem to imagine that this judgment that includes the sentence happens after somebody is convicted, doesn't it? Well, it does seem that conviction, that it is one permissible definition, is that pre-judgment, pre-final judgment conviction is one permissible definition. So is it a permissible definition of convicted to say that it does not depend on the sentence? It's permissible, but one must look at the context. If it's permissible, then don't we defer to the SEC? Well, if it's not reasonable in the context. Well, but if it's permissible, why isn't it reasonable? What makes it unreasonable? I mean, frankly, I find it hard to buy the first argument, but assuming that I do and it is ambiguous, isn't it certainly within the range of the SEC to say, here's how we read it? Your Honor, the SEC must avoid making arbitrary and capricious determinations. Yes. Any, just because it is a permissible definition doesn't mean it's the reasonable. And perhaps any judgment of the SEC is arbitrary and capricious by definition, but unless we go that far, why isn't this reasonable? Well, first of all, the commission is stuck with its reasoning. The reason why it chose this definition is because it was used at one point in a parallel, in a proceeding that had parallel IAA and Exchange Act proceedings. And the commission there found that the IAA didn't apply because this person wasn't an investment advisor, and therefore this parallel, they used the same definition of convicted for that parallel proceeding. That's completely different. The whistleblower law has no parallelity with the investment advisor's law. But even if we're in a world in which the agency is allowed to pick among permissible interpretations, the fact that this is a definition that is adopted by Congress in a statute that the SEC also administers, isn't that a strong argument in the SEC's favor? Is there anything in the Exchange Act that says the SEC is not allowed to use the same definition as convicted that exists in the Advisors Act? Well, no, Your Honor, but you have to look at the canons of statutory interpretation, and one canon of statutory interpretation is that when Congress knows how to specially define a term and does not, then one must presume that it didn't adopt that specialized term. So you're saying the definition of the Advisors Act is idiosyncratic? That's right. It's not the ordinary meaning of the term? That's right, Your Honor. And the ordinary meaning of the term is something different? Yes, Your Honor. But as we just discussed, you and me and Judge Calabresi, it seems like there is an ordinary meaning of the term convicted that doesn't include the sentence, like when somebody is convicted by a jury, for example. We don't say that they're not convicted until the sentence has imposed. We say that they're convicted when the conviction comes in. Well, Your Honor, the only times that Congress does specially define convicted, as far as my research has gone in the ARERA, in the immigration context, it provides an expanded definition. It provides a definition of convicted that has less finality, that permits less finality. Dictionaries, by definition, show every permissible term, every permissible usage. It doesn't mean that it's reasonable in these circumstances. So you're saying there's something about these circumstances that make it unreasonable to use that term? That's right, Your Honor. And your argument is that it creates bad incentives for whistleblowers to come forward. Is that right? Well, that, and it's against the intent of Congress. The banking committee clearly said, if we are to look to concede that the term is ambiguous and open to ambiguity, and I would point to the Brathwaite case in which Judge Calabresi stated that silence is ambiguity. So there is support for saying that conviction is, convicted is ambiguous. One must look at- As you argued it, what did you mean by that? By permissible meaning that it's one of the definitions, it's not necessarily the reasonable definition. I mean that it's one of, it is permitted, I mean it is a permissible definition. Well, then it can't be arbitrary if it's permissible, can it? Yes, Your Honor, I believe it can. You would permit unreasonable things to be done by agencies? Well, Your Honor, the agency has, so Congress spoke and said that they would, that we have to look to congressional intent. And Congress spoke and said we've looked at these other regimes, the IRS regime, the insider trading regime, and they've said these were way too stingy. And to adopt- Did Congress actually say that? Congress didn't provide a definition in the Exchange Act. Right. I agree that if Congress had looked at the other regimes and said we're going to provide a different definition in the Exchange Act, certainly that would control, but it did not do that. Sorry, I might have misspoke. I meant in the banking committee. The banking committee commentary makes it clear that the purpose of this whistleblower regime is to be more expansive than, say, the IRS or the previous- So it's not that Congress adopted a different definition. It's that you think Congress has a more expansive purpose in the Exchange Act than in the other statutes. Yes, Your Honor. If we're looking – if we say that convicted- Can I just ask you before you – and we'll hear from you again because you reserve time for rebuttal, but since we're talking about how carefully Congress chooses its words, your definition of related to seems to be basically part of the scheme. But doesn't – when we're talking about ordinary meaning, doesn't related to mean something more expansive than just part of the one violation? Well, the argument is that relation is such a nebulous concept that anything can be related to anything. But it's – what matters- But again, if relation is such a nebulous concept, then isn't the definition that the SEC gives to it something that we should defer to? Just because if you say it's nebulous, we need something which within the range of the meaning of related to is not why we accept. Well, it has to also be based on substantial evidence. And in this case, we do argue that it was not based on substantial evidence, that it was- That's a different argument. Good, thank you. Okay, thank you. All right, thank you very much, Mr. Spilkey. We'll hear from you again on rebuttal. Let's turn to the appellee, Mr. Hill. Thank you, Your Honor. Good morning. May it please the Court, Ezekiel Hill for the Securities and Exchange Commission. In establishing the Commission's whistleblower program, Congress directed that whistleblowers are not eligible for an award if convicted of a criminal violation. Doe argues on appeal that he has not been convicted of a criminal violation because he has not yet been sentenced. As an initial matter, that argument was waived. The argument that he- It certainly isn't waived. It may be forfeited. I apologize, Your Honor. That's correct. That argument is forfeited. It was not raised before the Commission, and under the Exchange Act, there's a statutory and jurisdictional issue exhaustion requirement. And because that has not been satisfied, this Court is without jurisdiction to consider that argument. It's jurisdictional? It is, Your Honor. I mean, the statute says that parties need to raise every ground for objection before the agency, so that does seem like it's a mandatory requirement. But why does it go to the power of the Court to adjudicate the case? That was the Supreme Court's holding in Sims v. Apfel, and I believe this Court held in MFS Securities- The Supreme Court has more recently addressed us on this and told us, don't go to jurisdiction unless we make it very clear we mean jurisdiction. There are many things that are mandatory and are not jurisdictional, because when you make it jurisdiction, you open a can of worms. It is best avoided. Well, regardless, I mean, even if it is a mandatory rule, the only difference it would make is if the government could waive the objection. But you are not waiving the objection, and you maintain that because you did not raise it before the agency, that that failure should not be excused. That's correct. Doe argues in reply that the fact that the agency addressed the definition of convicted in its order provides a basis for this Court to inquire into that question on appeal. But the authority he relies on there is purely authority from the context of judicial review of removal orders, and in that context, there is no statutory issue of exhaustion requirement. May I ask you why on earth you are arguing that? You have a very strong argument on the merits, and it probably would be helpful to the SEC to have the issue be decided. So why on earth do you want us to go on forfeiture? I mean, just in terms of good sense and lawyering. Well, Your Honor, I'd be happy to turn to the merits of the position as well. I just wanted to clarify, because I believe that— Is it because you'd like to win on any available ground? Well, that would be one reason, Your Honor. But I just wanted to clarify that I read Doe's response as the initial determination. So there are these cases in the immigration context where we have said that if it wasn't raised before the BIA but the BIA nevertheless addressed it, we will go on to address it in our discretion. And you're saying this case is different because we have an actual statute on point that says it's required that every argument, every ground of objection be raised before the agency. That's precisely what I'm trying to say, Your Honor. If I could turn to the merits with respect to the definition of convicted, one question that goes unanswered in Doe's briefing here is simply why Congress would have intended the definition that he suggests Congress meant. Why would Congress implement a statutory scheme in which a whistleblower who had pled guilty, had their guilty plea accepted, would nonetheless be eligible for an award prior to sentencing, although upon sentencing would no longer be eligible for an award? That question goes unanswered. And furthermore, there's no support in the statutory text or the context for that definition. Does it matter? So let's say Doe were right that you're not convicted until the sentence happens. And then you have somebody who applies for an award who has entered a guilty plea but has not yet been sentenced. Could the SEC respond to that by saying, well, we're not going to make a determination on this application for an award until we know whether a sentence is going to be imposed because this person might be ineligible. So we're going to wait and see. Is there any reason why the SEC would not be able to do that? Your Honor, I can't say what the commission would do in particular circumstances, but I believe that would be a possibility. This is not that case, though. At no point in time, including on appeal here in this case, has Doe argued that his sentence is going to be vacated. If the SEC could wait, then what is the point of making it wait? I mean, why delay things just for it? Why not say, read it, the conviction is there when it is made? Two responses, Your Honor. First of all, the commission proceeding upon the adjudication of guilt is consistent with Congress's directive to the agency. In this instance, Doe has been convicted under the commission's interpretation, and so that question has been resolved. Second of all, there's a value to the commission in finality and also in this being administrative. In this case, there's been many, many years since the court adjudicated Doe's guilt. He has not been sentenced as of yet. However, for example, there are other whistleblowers who are receiving awards with respect to the same covered underlying enforcement action, and they cannot receive their awards until this proceeding is resolved. And they're being held up. That's right. Under the commission's regulations, an award cannot be paid until all appeals related to that enforcement action are resolved. Right. Well, they don't need to be. I don't know if they can't be, but that's the deadline by which the agency must provide the award, right? The rules provide that the agency will pay on the later certain dates, and that is, in this case, going to be the latest date. Can I ask you about the related to? So how closely related does something need to be? Related to, which is the wording chosen by Congress, does not create a bright-line rule, certainly. And in the commission's order, it recognized that there was a spectrum, and in some cases, the criminal violation would be based on conduct that overlapped completely with the commission enforcement action. In some cases, they'd be separated. Here, this case pushes towards the end of the spectrum where things overlap, albeit not completely. But here, the evidence before the commission was clearly provided support for the commission's finding that there was a relation. Do we withdo that it was not the same conspiracy? I do not agree with that, Your Honor. So he was engaged in the same conspiracy as the one charged in the covered action? Right. That is, Your Honor, that's correct. That's what the evidence before the commission demonstrated. I guess I would prefer not to use the term conspiracy because, again, I don't think related to is addressing a criminal law concept necessarily. But he was involved in, I'd say, the same bribery scheme. The same bribery scheme. But the covered action charged a conspiracy, right? That's right. So if you were in the world in which he had to be charged in that conspiracy, would you be able to charge him as part of that conspiracy? I'm sorry. I acknowledge that related to is not the same thing as saying he's part of the same conspiracy. I'm just asking how closely related it is. Like, is there evidence to suggest that he was a co-conspirator? So the evidence in the record before the commission was that Doe was involved in a bribery scheme with a particular principal bribing government officials in a particular country, and Doe's role in that scheme was facilitating it. He did things like set up a bank account that could be used to make bribery payments, delivery bribery payments, et cetera. Basically, your argument is that whatever related to may mean in other contexts. In this context, the two things are sufficiently close to each other that the word related can be read to cover this. Is that what you're saying? Yes, Your Honor. But anyway, he was setting up bank accounts and doing some concealment and so on. Yes. Now, he says that the transactions in which he was involved were not the transactions that were part of the covered action. They were different transactions. So I understand your statement that that doesn't matter. But I'm asking if you agree with that characterization. So the covered action involved a bribery scheme with the defendant company providing financing for bribes through the same principal in the same country at the same period of time. And so the commission reasonably concluded, based on that evidence, that the bribery schemes were one and the same. And indeed, among the evidence in the record is a declaration or two declarations from commission attorneys who worked on these matters. I saw those. So if it was not the same scheme but it involved the same principal and the same country and the same industry, would that be enough to be related to? I'm not in a position to say what the commission would do in a particular circumstance that's different than the circumstances here. But I think it's a very fact-intense test, which the commission acknowledged here. And so, again, you would look to how much the conduct for the whistleblower overlapped with the conduct underlying the- So you think the related to inquiry is about it overlapping? Yes, Your Honor. So if you had a whistleblower who engaged in similar conduct in a different country or a different industry and so it didn't overlap, but it was the same sort of type of conduct, it was bribery of foreign officials, that would not be related to? Well, Your Honor, again, the definition of related to takes into account all the facts and circumstances because you're looking at how much that conduct, the definition used, stands in relation to or is related to the other conduct. And so I think simply because some conduct took place in one country, some conduct took place in another country, from that fact alone, I couldn't determine whether the conduct was related or not related. Here is a slight problem that I have. We certainly defer to the SEC if it gives a general definition of related because that's what we're meant to do under Sheva. On the other hand, you're now suggesting that maybe the SEC decides related within the context of each individual case that it is discussing. And then it's much harder for us to give deference because we don't give deference to something which is simply a litigation decision of the agency. So I'd like to know which of these two things you're talking about. Are you telling us that the SEC has given a definition of related that is broad enough to cover this and we'll worry about other cases? Just a general definition or are you telling us that we're supposed to defer to the SEC when it tells us how it wants to come out in an individual case? Your Honor, in the context of the order on appeal here, the commission provided a definition of related to as that term is used in the whistleblower statute. You don't need that. Maybe you're saying we should defer to their determination that they're related in fact, but I'm thinking you have the more basic point that they are in fact related because they involve these OXIF funds. So we don't have to defer to the agency's view on that. We just have to agree that it is so. Is that what you're saying? At least as an alternative position? Yes, Your Honor. That gets to the same place along with whether the agency's interpretation of the order has given Chevron deference or Skidmore deference or this court engages in de novo review of the statute. I think all roads lead to the same place. They're related in fact. But even on the legal interpretation, this was not just a litigating position of the agency, right? The SEC is given the authority by the statute to adjudicate whistleblower applications, right? That's correct, Your Honor. In fact, the statute says the decision whether to give a whistleblower award and how much and all sorts of stuff is in the discretion of the agency. That's correct, Your Honor. So Congress has given the agency the authority to issue, to make binding legal decisions in the context of adjudication, and this interpretation of the law was issued as part of that authority, right? That's correct, Your Honor. So if we're talking about whether this satisfies the Mead test for when somebody gets Chevron, when an agency gets Chevron deference, it does because this was not like a brief that you filed. This was a binding legal adjudication that Congress has given you the authority to make. Correct. Thank you. Okay. Thank you very much, Mr. Hill. Let's hear back from the appellant in rebuttal, Mr. Spilkey, for one minute. Yes, Your Honor. I would just like to address the questions about the relatedness in fact. This is not the same conspiracy. Mr. Doe is still cooperating to this day. Had he had this been the same conspiracy or even related, he would have had to have plead to it back in 2015, but he didn't. Well, had he been charged with the conspiracy, he would have had to plead with it. They might not have charged him as part of the conspiracy. But also, you know, the SEC just said it's not the same conspiracy. It's the same scheme. So that seems like a different question. Well, the Department of Justice and the SEC learned about the scheme through Doe and the Department of Justice saw fit not to make Doe plead to it. He pled to an information, not an indictment. Therefore, there was some control over what would go into that. The declarations that the commission relies on, which it states is substantial evidence, leave much to be desired. There are- Can I ask you a question that I asked of the SEC? So why does your distinction matter? So if it were the case that even if we were to say that somebody is not convicted until the sentence happens, is there anything in the law that would stop the SEC from saying, well, you know, this guy has a pending proceeding, and we don't know yet whether he's going to be convicted, so we're not going to make a decision on the whistleblower application until after we learn the answer to that. If the agency has that discretion, then why would it matter which definition we use? Because it would be the same thing. The agency could still decide to see if somebody is convicted before giving them a whistleblower award. Well, I don't think it can be indefinite, the waiting period. No, I understand. So it's subject to review under the APA 706, and so agency action can't be unreasonably withheld or delayed. But if the agency said, well, look, this guy has been charged, has even pleaded guilty, and there is a sentencing pending, and we're going to see how that turns out before making a determination on his application, that doesn't seem like that's unreasonable. Right? So if the agency can do that, then what difference would it make what definition we were applying? Well, right. I think that there's some sense to that. But I think, pointing back to the timing, commission regulations, they have to make their determination. The only thing of deciding in your way is to delay the commission so that other people can't be paid, which doesn't make very much sense. Yeah, the commission regulations do provide a deadline for when the award needs to be paid if there's been a determination that somebody is a whistleblower. But it does not seem to me to set a deadline for when the determination on the application needs to be made. Is there something in the law that says you need to make a determination on a whistleblower application by a certain date? No, I don't believe so, Your Honor. Okay. All right, well, thank you very much, Mr. Spilkey. The case is submitted.